UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS NORMAN OLSEN,

    Petitioner,

v.                                                 Case No. 3:17cv667-MCR-CJK

TIMOTHY CHARLES HOLMSETH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Timothy Holmseth's "Notice of Removal of Action Under 28 U.S.C. 1441(b)."[*] (Doc. 1). Holmseth claims a number of individuals—including Timothy Olsen—have conspired to violate his rights. Holmseth seeks to remove a case filed in Santa Rosa County, Florida, to this court. In the underlying state-court action, Olsen has petitioned for an injunction for protection against stalking from Holmseth.

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a)). Holmseth

---

[*] Mr. Holmseth's notice of removal was not accompanied by the $400.00 filing fee or a motion to proceed *in forma pauperis*.

argues the case from Santa Rosa County is removable because Olsen requests that Holmseth "remove legally published content protected by the [First amendment] from [Holmseth's] online publication(s)[.]" Holmseth, however, has not established the state-court case presents a federal question. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

"A case . . . may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) (*quoting Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). A review of the petition for injunction filed by Olsen shows it does not implicate any federal law. (Doc. 1, p. 23-30). Although Holmseth asserts: (1) he should not be required to remove articles he published about Olsen because they are protected by the First Amendment; and (2) Olsen and other individuals have violated federal law, issues raised in response to the petition cannot serve as the basis for this court's jurisdiction. *See Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) ("The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense."). Because Holmseth failed to establish this court has subject-matter jurisdiction over the removed case, remand is required.

Case No. 3:17cv667-MCR-CJK

Accordingly, it is respectfully RECOMMENDED:

1. That Santa Rosa County Circuit Court Case No. 17-1251-DR be REMANDED to the state court from which it was removed.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of September, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.